NO.
12-10-00107-CR

                  

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MICHAEL
VERNON STEWART,                   §                 APPEAL FROM THE 2ND

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 CHEROKEE
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Michael Vernon Stewart appeals
his conviction for assault on a public servant following the revocation of his
deferred adjudication community supervision, for which he was sentenced to
imprisonment for ten years.  Appellant’s counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the
appeal.

 

Background

Appellant
was charged by indictment with assault against a public servant and pleaded “guilty.” 
The trial court deferred adjudicating Appellant “guilty” and sentenced him to
community supervision for ten years.  Subsequently, the State filed a motion to
proceed to final adjudication alleging that Appellant had violated certain
terms and conditions of his community supervision.  Specifically, the State
alleged that Appellant had, among other violations, (1) committed a new offense
of aggravated assault and (2) committed a new offense of assault family
violence.  Thereafter, the trial court conducted a hearing on the State’s
motion.  Following the hearing, the trial court found that Appellant had
violated the aforementioned terms and conditions of his community supervision
as alleged in the State’s motion.  Following a trial on punishment, the trial
court revoked Appellant’s community supervision, adjudicated him “guilty” of
assault on a public servant, and sentenced him to imprisonment for ten years. 
This appeal followed. 

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
v. California and Gainous v. State. Appellant=s counsel states that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  He
further relates that he is well acquainted with the facts in this case.  In
compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978), Appellant=s brief presents a chronological summation
of the procedural history of the case and further states that Appellant=s counsel is unable to raise any arguable issues for
appeal.[1]
 We have likewise
reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for leave to
withdraw.  See also In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration
with the merits.  Having done so and finding no reversible error, Appellant=s counsel=s motion for leave to withdraw is
hereby granted and the appeal is dismissed.

As a result of our disposition of this case,
Appellant’s counsel has a duty to, within five days of the date of this
opinion, send a copy of the opinion and judgment to Appellant and advise him of
his right to file a petition for discretionary review.  See Tex. R. App. P. 48.4; In re
Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review
of this case by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review on his behalf or he must
file a petition for discretionary review pro se.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court.  See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this court, after
which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review
should comply with the requirements of Texas Rule of Appellate Procedure 68.4. 
See In re Schulman, 252 S.W.3d at 408 n.22.

Opinion delivered June 15, 2011.   

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
Counsel for Appellant states in his motion to withdraw that he provided
Appellant with a copy of this brief.  Appellant was given time to file his own
brief in this cause.  The time for filing such a brief has expired and we have
received no pro se brief.